KUPKOWSKI v AVIS FORD, INC

Docket No. 55884. Argued April 9, 1975 (Calendar No. 14).—Decided November 25, 1975.

Plaintiff Floyd E. Kupkowski purchased a used automobile from defendant Avis Ford, Inc., and drove the car to and from his place of employment for a period of five weeks. He then collided with another vehicle at an intersection, and attributed the accident to faulty brakes on his car. He sought damages from defendant for breach of express and implied warranties, negligence, and fraudulent misrepresentation, and his wife sought damages for loss of consortium and fraudulent misrepresentation. The plaintiff testified that defendant's salesman represented the car as a "one-owner" vehicle in "A-one" condition previously owned by a retired widowed school teacher, and driven only 23,000 miles, and presented proofs which indicated that the vehicle had more than one prior owner, had been driven approximately 58,000 miles, and was most recently owned by a woman who was neither a school teacher nor a widow. A jury, after trial in the Wayne Circuit Court, David C. Vokes, J., returned a verdict for plaintiffs. The Court of Appeals, V. J. Brennan, P. J., and Van Valkenburg, J. (T. M. Burns, J., dissenting), reversed and remanded for entry of a directed verdict for defendant on the basis that insufficient evidence was presented at trial to support a verdict for plaintiffs (Docket No. 15364). Plaintiffs appeal. *Held:*

1. The circumstantial evidence, viewed in the light most favorable to plaintiff, does not permit a reasonable inference of an existing brake defect in the vehicle at the time of plaintiff's

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability §§ 3, 25.
[2, 5] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 654–657.
Liability of manufacturer or seller for injury caused by automobile or other vehicle, aircraft, boat, or their parts, supplies, or equipment, 78 ALR2d 460.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic § 519.
[7, 8] 63 Am Jur 2d, Products Liability §§ 15–21, 86.
[9] 4 Am Jur 2d, Appeal and Error § 524.
[10] 5 Am Jur 2d, Appeal and Error § 736 *et seq.*

purchase. The evidence of prior ownership and mileage is unrelated to whether or not a brake defect was present in the vehicle at the time of plaintiff's purchase and whether it proximately caused plaintiff's injury. Any misrepresentation as to prior ownership or mileage permits no reasonable inference of a defective brake system at the time of purchase or its causal connection with the injury suffered. The trouble-free period of operation, 36 days, militates against a reasonable inference that a defect was present in the brake system at the time of purchase. The absence of evidence that the original owner ever repaired or replaced the braking system or that the defendant tested or inspected it does not permit the inference that the brakes were defective when the plaintiff bought the car.

2. No testimony, expert or otherwise, was offered to show the nature of the defect which might have caused the brake failure. Plaintiff fails to indicate why, if a defect did exist, he was unable to present proof of its existence.

3. The Court declines to extend recovery in cases involving products where the proofs submitted do not present a reasonable inference that a defective condition existed at the time the product left the possession of the manufacturer or seller. This is especially true where the product requires periodic maintenance, where reasonable wear is a natural consequence of normal usage, and the product has provided defect-free serviceability for a reasonable period of time.

4. Appellate courts exercise considerable restraint in overruling jury determinations but they also have responsibility to insure that the quantum and sufficiency of direct and circumstantial evidence presented at trial permits juries to draw reasonable inferences which would support such determinations.

51 Mich App 668; 215 NW2d 767 (1974) affirmed.

1. PRODUCTS LIABILITY—PRIMA FACIE CASE—NEGLIGENCE—BREACH OF WARRANTY—DIRECTED VERDICT.

In order to establish a prima facie case of negligence or breach of warranty in products liability cases, plaintiffs who seek to avoid a directed verdict must prove a defect attributable to the manufacturer or seller and causal connection between that defect and the injury or damage of which he complains.

2. AUTOMOBILES—BRAKE DEFECT—EVIDENCE—OWNERSHIP—MILEAGE.

Evidence of prior ownership and mileage of an automobile is unrelated to whether or not a brake defect was present in the vehicle at the time plaintiff purchased it used and whether it

proximately caused plaintiff's injury; from such evidence one could not reasonably infer the existence of a defect and its causal connection with plaintiff's injury.

3. AUTOMOBILES—BRAKE DEFECT—EVIDENCE—INFERENCES.

Lack of evidence that the former owner of a used car repaired or replaced its braking system, or that the defendant dealer who sold it to plaintiff tested or inspected the braking system, does not permit an inference that no prior maintenance or repair had been performed and from that an inference that the braking system was defective when the dealer sold the car to plaintiff; the burden is upon the plaintiff to prove, not the defendant to disprove, the existence of a defective brake system and its causal connection with the injury or damage suffered.

4. AUTOMOBILES—BRAKE DEFECT—MILEAGE—REPRESENTATIONS.

No reasonable inference that a used car was sold with a defective braking system can be drawn from testimony that defendant dealer's salesman represented that a used car had only one owner, was in "A-one" condition, and was previously owned by a retired school teacher and driven only 23,000 miles, even if these were misrepresentations.

5. AUTOMOBILES—EVIDENCE—INFERENCES—TROUBLE-FREE PERIOD OF OPERATION—BRAKE DEFECT.

A trouble-free period of operation of a used car of 36 days after purchase militates against a reasonable inference that a defect was present in the brake system at the time of purchase.

6. AUTOMOBILES—SKID MARKS—INFERENCES—BRAKE DEFECT—PROXIMATE CAUSE.

The presence of skid marks at the scene of an automobile accident must indicate that the wheels of an automobile were inhibited from turning freely, which supports in some degree the conclusion that the brakes were functioning properly; without supporting evidence, it is conjectural to conclude that a defect did in fact exist in the automobile at the time of purchase and was the proximate cause of the accident.

7. PRODUCTS LIABILITY—DEFECTIVE CONDITION—PROOFS—INFERENCES.

Proofs submitted in a products liability case must present a reasonable inference that a defective condition existed at the time the product left the possession of the manufacturer or seller; this is especially true where the product requires periodic maintenance, where reasonable wear is a natural consequence of normal usage, and the product has provided defect-free serviceability for a reasonable period of time.

8. PRODUCTS LIABILITY—DEFECTS—CIRCUMSTANTIAL EVIDENCE—INFER-
    ENCES.

    A product can be proved defective by drawing reasonable infer-
    ences from circumstantial evidence without specifically proving
    the existence of a demonstrable defect.

9. APPEAL AND ERROR—DIRECTED VERDICT.

    Appellate review of motions for a directed verdict require that all
    the evidence be considered in the light most favorable to
    plaintiff and, upon review, if any competent and sufficient
    evidence supports the jury determination, it should not be
    disturbed.

10. APPEAL AND ERROR—VERDICTS—EVIDENCE—INFERENCES.

    Appellate courts exercise considerable restraint in overruling
    jury determinations, but must not ignore their responsibility to
    insure that the quantum and sufficiency of direct and circum-
    stantial evidence presented at trial permits juries to draw
    reasonable inferences which would support such determination.

*Alan W. Kaback (Ledwon & Gardner,* of coun-
sel), for plaintiffs.

*Dice, Sweeney & Sullivan, P. C.* (by *Paul Ray),*
for defendant.

J. W. FITZGERALD, J. An intersectional collision
between two vehicles allegedly caused by a brak-
ing system failure of plaintiff Floyd Kupkowski's
automobile precipitated this action against the
seller of the vehicle, defendant Avis Ford, Inc. A
jury verdict of $88,000 for plaintiff and his wife[1]
was awarded, then later reversed by the Court of
Appeals,[2] which granted a directed verdict for
defendant on the basis that insufficient evidence
was presented at trial to support such a verdict.
We affirm the Court of Appeals.

[1] Also a plaintiff in this matter. Because she seeks damages unre-
lated to negligence or breach of warranty, plaintiff appears through-
out the opinion in the singular form.

[2] 51 Mich App 668; 215 NW2d 767 (1974). Judge T. M. BURNS
dissented. While he believed the verdict to be against the great
weight of the evidence, he would reverse and remand for a new trial.

Plaintiff purchased a 1965 automobile from defendant on December 31, 1968. Testimony by plaintiff revealed that defendant's salesman represented the car as a "one-owner" vehicle in "A-one" condition previously owned by a retired, widowed school teacher, and driven only 23,000 miles. These representations, which the salesman denied ever making, were contradicted by plaintiff's proofs which indicated that the vehicle had more than one prior owner, had been driven approximately 58,000 miles, and was most recently owned by a woman who was neither a school teacher nor a widow.

Plaintiff further testified that he drove the car approximately 60 miles each day six days a week to and from his place of employment for a period of five weeks. The car performed satisfactorily in all respects.

On the evening of February 5, 1969, plaintiff was traveling in an easterly direction, approaching the intersection of Evergreen and Schoolcraft. He saw the green light change to amber at a distance of approximately 60 feet from the intersection. Anticipating the red light, plaintiff applied pressure to the brake pedal but it failed to depress and plaintiff continued without slowing down towards the intersection. Realizing he could not stop, plaintiff sounded his horn but was unsuccessful in avoiding a collision with another vehicle traveling in a northerly direction. The police officer who investigated the accident testified that plaintiff "had brake pedal" and when pressure was applied the pedal would not depress to the floor. He also testified that plaintiff's car "laid down very light skid marks which would indicate that the brakes were working".

Seeking recovery for injuries sustained, plaintiff

sought damages from defendant alleging breach of express and implied warranties, negligence, and fraudulent misrepresentation. His wife sought damages for loss of consortium and fraudulent misrepresentation. The jury returned a verdict of $63,000 for plaintiff for damages and personal injury, $25,000 for his wife, and $800 to both for fraudulent misrepresentation.[3] The Court of Appeals reversed and ordered a directed verdict for defendant on the basis that there was insufficient evidence to support such a verdict for plaintiff. We granted leave to appeal.

Plaintiff first contends that the Court of Appeals did not consider *all* the circumstantial evidence relating to whether or not a brake defect existed. Setting forth the proofs submitted in *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708; 202 NW2d 727 (1972); *Garmo v General Motors Corp,* 45 Mich App 703; 207 NW2d 146 (1973); and *Clarke v Brockway Motor Trucks,* 372 F Supp 1342 (ED Pa, 1974), and those in the instant case, plaintiff believes that the reasonable inferences that could be drawn from the circumstantial evidence presented support the jury's finding for plaintiff. Defendant distinguishes each of the above cases and concludes that no reasonable inferences could be drawn from the circumstantial evidence presented to establish that a defect existed at the time plaintiff purchased the automobile from the defendant.

In the recent case of *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), also involving a brake failure, we reaffirmed an earlier decision by this Court which held that in order to establish a prima facie case of negligence or breach of war-

---

[3] Fraudulent misrepresentation as to mileage traveled by plaintiff's car is not a subject of this appeal. The Court of Appeals affirmed the fraudulent misrepresentation verdict.

ranty in products liability cases, plaintiffs who seek to avoid a directed verdict "must prove a defect attributable to the manufacturer [or seller][4] and causal connection between that defect and the injury or damage of which he complains".[5]

In *Caldwell,* we found reversible error where the trial court directed a verdict in favor of third-party defendants, manufacturer and seller, because, in our opinion, sufficient evidence had been presented for a jury to reasonably infer the existence of a defect in the brake system of the vehicle which caused the accident. The vehicle involved was new and previously undriven when purchased five weeks prior to the accident. The driver[6] testified that the brake pedal depressed to the floor. He further testified that, upon examining the vehicle immediately following the collision, he observed brake fluid on the fender wall, a loose connection in the brake line coming from the master cylinder, and brake fluid dripping from the loose connection. The service manager of the dealership which sold the car detected a partial loss of braking power in the rear wheels and observed brake fluid on the inner fender wall. He further indicated that a brake line to one front wheel was inoperative. A letter written by the general manager, subsequently introduced into evidence, indicated that, in his view, the master cylinder became defective sometime between the delivery date of February 7, 1969 and the date of the accident.

In the instant case, we are urged to consider circumstantial evidence which, it is claimed, corroborates plaintiff's testimony and permits a rea-

[4] This doctrine was extended to the sellers of defective goods in *Bronson v J L Hudson Co,* 376 Mich 98; 135 NW2d 388 (1965).

[5] 394 Mich 401, 410, quoting from *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 98–99; 133 NW2d 129 (1965).

[6] Original defendant prior to the joinder of third-party defendants.

sonable inference of an existing brake defect in the vehicle at the time of plaintiff's purchase. We do so now, viewing the circumstantial evidence in the light most favorable to plaintiff.

*Plaintiff's vehicle was sold originally by Jim Werning, Inc., to one Maxine Barth on August 23, 1965. She owned the car for three years and three months, drove it in excess of 58,000 miles, then transferred title to Merollis Chevrolet Sales, Inc. Four days later Merollis transferred title to Tag Motor Sales which, two weeks later, transferred title to defendant Avis Ford.* This evidence of prior ownership and mileage is unrelated to whether or not a brake defect was present in the vehicle at the time of plaintiff's purchase and whether it proximately caused plaintiff's injury. From such evidence one could not reasonably infer the existence of a defect and its causal connection with plaintiff's injury.

*No testimony was introduced to prove that during the time Maxine Barth owned the vehicle the braking system was repaired or replaced.* The absence of such testimony is said to circumstantially support plaintiff's testimony that the brakes failed at the time of the accident. In order to reach this conclusion, the jury must initially infer that no prior brake maintenance or repair had been performed. From this, the jury was required to draw the additional inference that the lack of proper maintenance and repair failed to disclose a defect that existed in the vehicle's braking system at the time of plaintiff's purchase. We view the latter inference as impermissible conjecture which seeks to advance a theory of product liability by placing inference upon inference. *Standard Drug Store v A E Wood & Co,* 227 Mich 333; 198 NW 960 (1924); *Kaminski v Grand Trunk W R Co,* 347

Mich 417; 79 NW2d 899 (1956). The burden is upon the plaintiff to prove, not the defendant to disprove, the existence of a defective brake system and its causal connection with the injury or damage suffered. *Piercefield v Remington Arms Co, Inc, supra.*

*Defendant failed to maintain any records indicating mechanical tests or inspection of plaintiff's vehicle and its braking system during the 39 days that the vehicle was in defendant's possession.* This circumstantial evidence is no more relevant than the absence of testimony that the original owner ever repaired or replaced the braking system. Such evidence fails to establish the existence of a braking system defect at the time of plaintiff's purchase.

*Plaintiff purchased the automobile based upon the salesman's representation that the car had only one owner, was in "A-one" condition, and was previously owned by a retired school teacher and driven only 23,000 miles.* Plaintiff has not argued to this Court that the representations made to him concerning the automobile constitute a breach of express or implied warranty. The above represents a portion of the circumstantial evidence which, together with the additional evidence presented, was submitted to prove the existence of a defective brake system in plaintiff's automobile at the time of purchase. Any misrepresentation as to prior ownership or mileage permits no reasonable inference of a defective brake system at the time of purchase or its causal connection with the injury suffered.

*Plaintiff owned the vehicle for 36 days prior to the date of the accident.* No testimony was offered to contradict plaintiff's statement that he drove the car a minimum of 1,800 miles to and from his

place of employment during this five-week period. No incidents of brake failure were experienced by plaintiff during this time. This trouble-free period of operation militates against a reasonable inference that a defect was present in the brake system at the time of purchase.

*The investigating officer testified that plaintiff's car "had brake pedal", would not depress to the floor, and stated that the "very light skid marks" would "indicate that the brakes were working".* The presence of skid marks must indicate that the wheels were inhibited from turning freely which supports in some degree the conclusion that the brakes were functioning properly. Though plaintiff concedes that the investigating officer's testimony permits the conclusion that adequate brake pressure was created in the brake lines, he argues that this conclusion does not *exclude* the possibility that some other defect existed in the brake system at the time of plaintiff's purchase. Without supporting evidence, it is conjectural to conclude that a defect did in fact exist and was the proximate cause of the accident.

We have considered the authorities cited by plaintiff and find them distinguishable. In *Snider v Thibodeau Ford, Inc, supra,* which also involved a brake failure, the Court of Appeals ruled that the trial judge erred in directing a verdict for defendant Ford Motor Company. However, plaintiff's insurer testified that his post-accident investigation revealed that the brake pedal went to the floor board without resistance. A history of a variety of brake difficulties was reported and presumably repaired in each instance. A service manager had advised that heavy-duty brakes were required for the use to which the vehicle was being put. No such evidence was presented in the instant case.

*Garmo v General Motors, supra,* involved the brake failure of a previously undriven vehicle purchased four and one half months earlier and driven 8,000 miles. As in *Snider,* evidence was introduced to show a history of prior brake malfunction as well as testimony that the brake pedal was depressed to the floor in an unsuccessful attempt to stop the vehicle.

In *Clarke, supra,* a judgment for plaintiff driver was upheld against defendant seller of a truck tractor where the brakes of plaintiff's vehicle failed causing injuries to himself and damage to his vehicle. Involved was a previously undriven vehicle purchased only 18 days earlier. Seven witnesses testified as to the absence of brake problems from the time the tractor left the assembly plant to the time of the accident. Plaintiff's testimony that the brake pedal, when depressed, did not function was corroborated by the testimony of the investigating officer that no skid marks were found at the scene of the accident. Further corroborating testimony was received from an eyewitness to the accident, the driver of a truck which plaintiff had just passed. The quantum of supportive proofs presented by plaintiff in *Clarke* exceed substantially the proofs submitted by plaintiff in the instant case.

In the instant case, no testimony, expert or otherwise, was offered to show the nature of the defect which might have caused the brake failure. The only testimony relating to the existence of a brake defect was introduced by the investigating police officer who stated that in his estimation the brakes were operative. Plaintiff fails to indicate why, if a defect did exist, he was unable to present proof that such a defect existed. Our examination of the circumstantial evidence permits no reasona-

ble inference of defective design, material or assembly. We decline to extend recovery in cases involving products where the proofs submitted do not present a reasonable inference that a defective condition existed at the time the product left the possession of the manufacturer or seller. This is especially true where the product requires periodic maintenance, where reasonable wear is a natural consequence of normal usage, and the product has provided defect-free serviceability for a reasonable period of time.

Our ruling today is consistent with prior decisions from this Court which have held that a product can be proved defective by drawing reasonable inferences from circumstantial evidence without specifically proving the existence of a demonstrable defect. *Schedlbauer v Chris-Craft Corp,* 381 Mich 217; 160 NW2d 889 (1968); *Caldwell v Fox, supra; Bronson v J L Hudson Co,* 376 Mich 98; 135 NW2d 388 (1965). In *Bronson,* we reversed a directed verdict for defendant where plaintiff contracted dermatitis after wearing a recently purchased cotton slip because "under the circumstances, upon favorable view, a legitimate inference from plaintiffs' proofs was that an irritant was present in the cloth, which irritant caused [plaintiffs'] injury".[7] No competent direct proof of the specific irritant present in the slip was introduced. However, the slip was purchased new the day before and was worn for the very first time. Testimony was introduced to show that such a cotton garment containing an irritant "could cause a severe dermatitis condition". Plaintiff had no prior history of dermatitis and proofs were introduced to show that plaintiff's activity, diet, and dress (other than the slip) just prior to the

---

[7] 376 Mich 98 at 102.

attack were "ordinary". No other factors or circumstances were or could be believed responsible for the outbreak since the proofs effectively eliminated such possibilities.

In the instant case, there is no known positive fact from which the jury could draw a reasonable inference. It is the *lack of* evidence indicating proper maintenance and inspection that plaintiff offers to prove the brake system malfunction, and, ultimately, the injury suffered. The only positive testimony was obtained as a result of the officer's attention having been focused by the event of the accident upon the possibility of a defect. His testimony indicated that the brakes were operative. In the face of such proof, plaintiff offers no evidence to affirmatively establish a specific defect. Plaintiff also fails to show that brake failure was possible in one manner or another even though there was no ostensible evidence of such failure—an evidentiary fact which would have lent credence to plaintiff's testimony. We conclude that there are no reasonable inferences which may be drawn from the evidence presented in support of the jury verdict.

Plaintiff finally contends that in sustaining the Court of Appeals action we exceed the proper scope of appellate review. It is conceded that appellate review of motions for a directed verdict require that *all* the evidence be considered in the light most favorable to plaintiff. Upon review, if any competent and sufficient evidence supports the jury determination, it should not be disturbed. *Garmo, supra.* Stated alternatively, the question is whether from the facts viewed in their most favorable light, the minds of reasonable men could honestly reach different conclusions. *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963). We

continue to endorse the proposition that appellate courts exercise considerable restraint in overruling jury determinations, but also choose not to ignore our responsibility to insure that the quantum and sufficiency of direct and circumstantial evidence presented at trial permits juries to draw reasonable inferences which would support such determination. In this case, no such inference could reasonably be made.

Affirmed. Costs to appellee.

T. G. KAVANAGH, C. J., and WILLIAMS and COLEMAN, JJ., concurred with FITZGERALD, J.

LEVIN and LINDEMER, JJ., took no part in the decision of this case.