CASSETTE v GENERAL MOTORS CORPORATION

OPINION OF THE COURT

1. PRODUCTS LIABILITY—PRIMA FACIE CASE—PROOF OF DEFECT—CAUSE
   —DAMAGES—INFERENCES—APPEAL AND ERROR.

   A prima facie case is established in a products liability action by
   proof of a defect attributable to the defendant and proof that
   the defect was a cause of the damage suffered; proof of a
   possible defect and an injury without any further proof that
   would allow a jury to reasonably infer that the alleged defect
   caused the injury is insufficient to form a case submittable to a
   jury.

2. APPEAL AND ERROR—JURY VERDICTS—EVIDENCE—ELEMENTS—REA-
   SONABLE INFERENCES—VACATION OF VERDICT.

   Appellate courts will not interfere with a jury verdict where
   sufficient, although weak, evidence has been presented to sup-
   port the verdict, but where the proofs are devoid of facts which
   may establish a reasonable inference of the existence of one of
   the necessary elements in a given cause of action then it
   becomes the duty of the Court of Appeals to vacate the jury's
   verdict.

DISSENT BY M. J. KELLY, P. J.

3. PRODUCTS LIABILITY—JURY VERDICTS—EVIDENCE—SUFFICIENT EVI-
   DENCE.

   *A jury verdict for plaintiffs in a products liability action should
   be affirmed where there was competent and sufficient evidence
   presented to support the jury's determination.*

Appeal from Keweenaw, Stephen D. Condon, J.
Submitted October 13, 1976, at Marquette. (Docket
No. 27026.) Decided January 6, 1977. Leave to
appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability §§ 9–21.
[2, 3] 75 Am Jur 2d, Trial § 528.

Complaint by Clem Cassette and Nancy L. Cassette against General Motors Corporation seeking damages for injuries sustained in an automobile accident. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Wisti & Jaaskelainen* (by *James F. Tercha),* for plaintiffs.

*Platt, Peacock & von Wiegen,* for defendant.

Before: M. J. KELLY, P. J., and J. H. GILLIS and W. P. HAMPTON,* JJ.

J. H. GILLIS, J. Plaintiffs instituted this products liability action to recover damages for defendant's alleged breach of an implied warranty of fitness with respect to plaintiffs' 1967 Chevrolet Belair passenger vehicle. Plaintiffs contended that defendant manufactured said vehicle with defective motor mounts and that these defective motor mounts caused a single car accident in which plaintiff Clem Cassette's vehicle was demolished and plaintiff Nancy Cassette suffered personal injuries. On September 24, 1975, a Keweenaw County Circuit Court jury returned a verdict in favor of plaintiffs, awarding plaintiff Clem Cassette $800 in damages for the loss of his vehicle, and plaintiff Nancy Cassette $5,000 in damages as compensation for her personal injuries. On December 11, 1975, the trial court denied defendant's motion for a judgment notwithstanding the verdict and/or a new trial. Defendant appeals as of right, raising a single issue for our consideration.

Defendant contends that plaintiffs failed to support their breach of implied warranty claim with evidence sufficient to support the verdict. Thus,

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant reasons, the trial court erred in failing to grant defendant's motion for a judgment notwithstanding the verdict. We agree.

The automobile which is the subject matter of this case was purchased by plaintiff, Clem Cassette, in May of 1971. At the time of purchase, the odometer indicated that there were 48,024 miles on the vehicle.

Plaintiff, Nancy Cassette, daughter of Clem Cassette, testified that on September 10, 1971, she was driving said automobile when she lost control of the steering as the vehicle veered to the left, crossed the center line and then stopped upon hitting a rock. At the time of the accident, the odometer registered 56,663 miles.

Defendant did admit that the motor mounts on certain Chevrolet vehicles could separate into two or more pieces which upon rapid acceleration could allow the engine to rotate thus affecting the engine's throttle.[1] Nancy Cassette, according to her own testimony and that of the sheriff following behind her just prior to the accident, maintained a constant speed. The road upon which she was traveling is relatively flat with no steep inclines. Plaintiffs' expert and defendant's expert both stated that in order for the engine to rotate there would have to be a rapid increase in acceleration from a stop or slow start.

In order to establish a prima facie case plaintiffs had to prove a defect attributable to defendant and that the defect was a cause of the accident. *Kupkowski v Avis Ford, Inc,* 395 Mich 155, 161;

---

[1] Subsequent to the automobile accident, plaintiff, Clem Cassette, received a letter from defendant explaining a possible defect in the motor parts of this automobile, and under what conditions the engine would rotate. This letter was admitted into evidence at trial. Additionally, defendant in a pretrial admission stipulated to the possible defect.

235 NW2d 324 (1975), *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), *Piercefield v Remington Arms Co,* 375 Mich 85; 133 NW2d 129 (1965).

We recognize and respect the principle that appellate courts of this state refuse to interfere with jury verdicts where sufficient although weak evidence has been presented. *Tuttle v Department of State Highways,* 397 Mich 44, 46–47, n 3; 243 NW2d 244 (1976), *Kupkowski v Avis, supra.* However, where the proofs are devoid of facts which may establish a reasonable inference as to one of the necessary elements in a given cause of action then it becomes our duty to vacate the jury's verdict. *Kupkowski v Avis, supra.*

Plaintiffs did satisfy the first element of a products liability action. The recall letter, defendant's pretrial admission, and the undisputed fact that the motor mounts were found broken after the accident establish a possible defect. However, plaintiffs failed to present any proof that would allow a jury to reasonably infer that the alleged defect caused the accident. In fact, plaintiffs' own proofs established that broken motor mounts could interfere with the steering mechanism only upon rapid acceleration, and there was no evidence of rapid acceleration in this case. Defendant theorized that the impact of the accident caused the motor mounts to separate. Plaintiffs presented no proof as to other possible defects relating to the steering mechanism, and in fact did not even investigate the steering after the accident.

Proof of a possible defect and an injury is insufficient to form a case submittable to a jury. *Holloway v General Motors Corp,* 60 Mich App 208, 215; 230 NW2d 380 (1975), *lv granted,* 394 Mich 824 (1975). Plaintiffs presented no theory which would allow a reasonable inference that broken motor

mounts caused the accident in this case. In consideration of the mileage on the car and all of the evidence presented, a determination that this alleged defect caused plaintiffs' injuries would be merely conjecture. See *Pippen v Denison Division of Abex Corp,* 66 Mich App 664; 239 NW2d 704 (1976), *Meli v General Motors Corp,* 37 Mich App 514; 195 NW2d 85 (1972).

Plaintiffs did not present evidence sufficient to form a reasonable inference that defendant's product was a cause of this accident. The denial of defendant's motion for judgment notwithstanding the verdict is therefore reversed and this case is remanded to the trial court for the issuance of an order consistent with this opinion. Costs to appellant.

W. P. HAMPTON, J., concurred.

M. J. KELLY, P. J. *(dissenting).* As the estimable and Very Honorable Justice MICHAEL D. O'HARA was wont to say, this is jurisprudential old hat. Either there was or there was not enough evidence to make a jury submissible question of breach of implied warranty. Unfortunately, like beauty, such evidence is sometimes in the eye of the beholder. In my eye, there was very clearly a jury question framed by the testimony of the plaintiff-driver, her passenger, the police officer, and the mechanic. To pin a directed verdict on the question of rapid acceleration as the majority does, is a rude invasion of the jury's right to assess credibility. It seems to me the majority has weighed the evidence and found it wanting. Exactly what an appellate court should not do. The evidence should not be read selectively to exclude the testimony favorable to plaintiffs.

Testimony was adduced by the plaintiff that the

vehicle was being operated in a safe manner at a reasonable speed. A police officer testified he did not believe that the road condition had been a factor in the accident. The accident occurred as a result of the vehicle pulling to the left, crossing the center line, leaving the road and striking a rock. It was plaintiff's testimony that this was caused by the vehicle's steering wheel locking and that she couldn't stop it because the brakes failed at the same time.

Not wishing to add further to the literature that Justice O'Hara has described as "the skyscraper high pile"[1] of these product liability cases, if *McKinch v Dixon,* 391 Mich 282; 215 NW2d 689 (1974), is still good law, there is ample factual justification for sending this case to the jury and the verdict should be affirmed.

The letter from Chevrolet Motor Division, referring to the defect, implies that the engine mounts could be separated and the vehicle still driven successfully, but that such separation coupled with rapid acceleration or sharp turns *increased* the hazard. It seems to me the majority reads that as saying creates the hazard.

Paragraph 4 of plaintiff's Exhibit 2 is as follows:

"The possible safety hazard referred to exists when, as a result of fatigue or collision damage, the rubber portion of an engine mount has separated. When this condition exists, very rapid acceleration of the vehicle from a stop or from very low speeds can result in the engine rotating sufficiently to interfere with the accelerator linkage and to cause the throttle to be held open temporarily. This can occur suddenly and without warning when the vehicle is in either forward or reverse gear. A sharp left turn during forward accelera-

---

[1] *Holloway v General Motors Corp,* 60 Mich App 208, 211; 230 NW2d 380 (1975), *lv granted,* 394 Mich 824 (1975).

tion can increase the possibility of engine rotation if the left engine mount has separated."

It seems to me that the evidence was competent and sufficient to support the jury determination. I would affirm.