BURKE v BOMBARDIER, LTD

Docket No. 53287. Submitted June 1, 1981, at Grand Rapids.—Decided October 26, 1981. Leave to appeal applied for.

Bobby E. Burke was injured when he was struck in the mouth by a single strand of barbed wire while operating a snowmobile manufactured by Bombardier, Ltd. Bobby Burke and Marlene Burke brought a products liability action in Otsego Circuit Court against Bombardier, Ltd., alleging, along with other theories, that the design of the windshield on the snowmobile caused the strand of barbed wire to be propelled into plaintiff Bobby Burke's mouth and accelerated the speed of that wire. The proofs at trial showed that Mr. Burke was thrown approximately five feet back from the wire, that his helmet landed 15 feet from the wire and that the wire cut him from ear to ear, sheared off two teeth and permanently severed two-thirds of his tongue. The proofs also showed that Mr. Burke was looking through the windshield when the accident occurred and that the windshield had scratches on it approximately four to five inches from the top. Mr. Burke opined during his testimony that the wire hit him at a speed faster than he was travelling when the wire came off the windshield but, on cross-examination, stated that he had assumed the wire came back at an increased speed but he really did not know. Plaintiffs' expert witness testified that the windshield was higher than was necessary to protect against the wind but gave no testimony relative to any accelerating effects the windshield might have on the wire. Defendant moved for a directed verdict on this "propellant" theory, arguing that plaintiffs failed to produce proofs supporting that theory. E. Patrick Murphy, J., denied the motion for a directed verdict. The jury returned a verdict of $150,000 in favor of plaintiff Bobby Burke and $50,000 in favor of Marlene Burke. Defendant appeals. *Held:*

The proofs adduced at trial and all reasonable inferences drawn therefrom, even when viewed in the light most favorable to plaintiffs, fail to establish a prima facie case with respect to the propellant theory urged by plaintiffs. The proofs presented

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial § 524 *et seq.*

left the jury to speculate as to the propensity of the windshield to propel and accelerate the wire into plaintiff's mouth. Since such speculation or conjecture is not permissible, the defendant's motion for a directed verdict on that theory should have been granted. Because plaintiffs had other theories of recovery which could have supported the verdict in their favor, a remand for a new trial is required.

Reversed and remanded for a new trial.

1. MOTIONS AND ORDERS — DIRECTED VERDICTS — APPEAL.
   Review of a motion for a directed verdict in favor of a defendant is made by viewing the proofs and reasonable inferences therefrom in the light most favorable to the plaintiff and tests whether or not the plaintiff has made out a prima facie case.

2. MOTIONS AND ORDERS — DIRECTED VERDICTS.
   A motion for a directed verdict in favor of a defendant on a claim by the plaintiff is properly granted where the trier of fact, even viewing all proofs and reasonable inferences in the light most favorable to the plaintiff, could find in favor of the plaintiff on such claim only by mere speculation and conjecture.

*Fred E. Foster,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *William P. Cooney* and *Raymond W. Morganti),* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. Plaintiffs initiated this products liability action against defendant-manufacturer of Ski-doo snowmobiles. Plaintiff Bobby Burke had been severely injured when he was struck in the mouth by a single strand of barbed wire. The jury returned a verdict in his favor in the amount of $150,000 and in favor of plaintiff Marlene Burke in the amount of $50,000. Defendant appeals.

Mr. Burke (hereinafter plaintiff) and his son took the snowmobile out for a ride approximately

---

* Circuit judge, sitting on the Court of Appeals by assignment.

three to four weeks after purchasing it. Because this was the break-in period for the snowmobile, they were travelling at a speed of 10 to 20 miles per hour on this bright and clear morning of November 27, 1970.

As they were proceeding along, plaintiff felt an impact in his mouth, and he was thrown off the snowmobile. It was not until after the impact occurred that he realized he had been struck by a single strand of barbed wire. He landed approximately 5 feet behind the wire, and his helmet landed 15 feet from the wire. The wire cut him from ear to ear, sheared off two teeth, and permanently severed two-thirds of his tongue.

Plaintiff was in a sitting position on the snowmobile and had been looking through the windshield when the accident occurred. The windshield had scratches on it approximately four to five inches from the top.

Plaintiff testified at trial that he thought the wire hit him at a speed faster than he was travelling when it came off the windshield. However, on cross-examination he stated that he assumed it came back at this greater rate of speed, that he really did not know, and that his testimony was based only upon the impact he experienced and not upon any testing or observation on his part.

Plaintiffs' theory was that the height of the windshield was a design defect which caused the wire to be propelled into plaintiff's mouth and accelerated the speed of the wire.

Plaintiffs' expert witness testified primarily regarding the visibility permitted by the windshield, but he did state that the windshield was higher than it needed to be to protect against wind.

At the close of plaintiffs' case, defendant moved for a directed verdict on this "propellant" theory.

The trial court denied the motion, reasoning that the jury could find for plaintiffs on the propellant theory on the evidence presented: the scratch marks on the windshield, plaintiff's testimony, and the severity of the injuries. Defendant claims that the trial court erred in failing to direct a verdict on this theory.

In reviewing a trial court's decision on a motion for a directed verdict, this Court will consider the plaintiff's proofs and reasonable inferences therefrom and view them in the light most favorable to the plaintiff. *Silisky v Midland-Ross Corp,* 97 Mich App 470; 296 NW2d 576 (1980). A motion for a directed verdict tests whether or not the plaintiff has made out a prima facie case. *Beals v Walker,* 98 Mich App 214; 296 NW2d 828 (1980).

Plaintiff had the burden of showing that the wire was propelled into his mouth. This could be shown by direct or circumstantial evidence. The scratch marks on the windshield indicated that the wire did come in contact with it. But plaintiff's testimony that the wire was coming back faster than he was travelling was without foundation. Finally, his injuries, which we agree are severe, allow for no reasonable inference that the wire was propelled into his mouth. We have no way of determining what injuries anyone would sustain as a result of being hit in the mouth by a wire while travelling at 10 to 20 miles per hour. It was essential for plaintiffs to present some proof as to the type of injuries one might expect from this kind of contact. Had evidence been presented that one could not sustain the injuries suffered by plaintiff from a single collision with an unpropelled wire while travelling at this speed, in combination with the other evidence presented, plaintiffs would have made out a prima facie case.

Such proof not having been presented, the jury was left to speculate as to the propensity of the windshield to propel the wire into plaintiff's mouth. This type of speculation or conjecture is not permissible, and thus defendant's motion for a directed verdict on this theory should have been granted. *Kupkowski v Avis Ford, Inc,* 395 Mich 155; 235 NW2d 324 (1975).

Since plaintiffs' proof on this theory simply showed that an accident happened, we accordingly reverse the decision of the trial court. Because plaintiffs had alternative theories which could support the verdict in their favor, we remand for a new trial of those issues.

Reversed and remanded for a new trial.