909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BAUM AGRI-ENERGY, INC., Plaintiff-Appellee,
v.
HERITAGE FINANCIAL CORPORATION and John C. Sterge,
Defendants-Appellants.
 No. 88-2275.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1990.
 
 BEFORE KENNEDY and MILBURN, Circuit Judges, and HERMAN J. WEBER, District Judge.[1]
 PER CURIAM.
 
 
 1
 Appellee Baum Agri-Energy, Inc. (Baum) was organized for the purpose of developing, constructing and operating an ethanol production facility in Jackson, Michigan. A 6.8 million dollar economic development corporation (EDC) bond issue was to be issued by Jackson County. The bond issue required that Baum provide a payment bond satisfactory to underwriter's counsel and bond counsel in the gross amount of eight hundred thousand dollars. Baum sought the assistance of a bond counselor who developed an information package and ultimately advised Baum that he had secured placement of the bond through John C. Sterge, President of Heritage Financial Corporation of Boston, Massachusetts (Heritage). Sterge informed Baum that the underwriting would be done by United American Insurance Company of Dallas, Texas, a company highly rated by the A.M. Best Company Rating Service. He also forwarded a sample bond.
 
 
 2
 After approval of the bonding company and the form of the bond by Jackson, Michigan's EDC bond and underwriting counsel, Baum paid to Sterge a fee of $12,000 to be applied toward the bond premium of $40,000. After Baum paid this fee, Sterge disclosed that the proposed bonding company was not United American Insurance Company of Dallas, Texas, but rather United American Insurance Company of the Cayman Islands, an offshore, unrated, captive insurance company of relatively weak financial strength. It proposed to issue a bond different in form. Instead of a payment bond it would issue a liquidating bond.
 
 
 3
 As a result, the EDC bond issue did not close. Nine months later, the EDC bond issue was resurrected with a replacement structure for the payment bond requirement which resulted in substantial damage to Baum occasioned by the delay and additional expense in restructuring the bond issue.
 
 
 4
 Baum filed suit against United American Insurance Company and its representative, Thomas P. Carrigan, and Heritage Financial Corporation and its president and negotiator, John C. Sterge. United American Insurance Company and Thomas P. Carrigan settled with the plaintiff after mediation. The counts against Sterge and Heritage Financial Corporation were tried before a jury. At the conclusion of the proofs, the defendants filed a motion for directed verdict claiming a failure to establish any material misrepresentation or, if there were a material misrepresentation, a lack of reliance by the plaintiff or its agents on the misrepresentation. The court denied that motion. The jury rendered a verdict in favor of the plaintiff against both remaining defendants in the sum of $62,708.00. After the entry of judgment, appellants' counsel filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for new trial. The court denied that motion as well. We AFFIRM the judgment of the District Court.
 
 
 5
 Appellant Sterge argues that the District Court improperly denied his motions for directed verdict and judgment notwithstanding the verdict or new trial.[2] Appellant contends that appellee's complaint was dependent upon a showing that Sterge acted as an agent for the United American Insurance Company and that appellee detrimentally relied upon acts or representations of the agent. Appellant argues that appellee failed to establish the necessary agency relationship and that the jury was not aware of a letter allegedly demonstrating appellee's knowledge of the fact that the bond was to be issued.
 
 
 6
 Appellee responds that the District Court properly denied appellant's motions for directed verdict and judgment notwithstanding the verdict or new trial. Appellee notes that its case was presented on a theory of fraud or, in the alternative, implied contract to refund money to which appellant was not entitled. Appellee correctly asserts that the two elements of fraud raised by appellant in his motion for directed verdict are (1) whether appellant made material misrepresentations and (2) whether appellee detrimentally relied upon these representations.
 
 
 7
 "A federal court sitting in a diversity case must apply the directed verdict standard of the state whose substantive law governs the action." Rhea v. Massey-Ferguson, Inc., 767 F.2d 266, 269 (6th Cir.1985) (citing Arms v. State Farm Fire & Casualty Co., 731 F.2d 1245, 1248 (6th Cir.1984)).
 
 
 8
 Under Michigan law, the court may grant a directed verdict only if it concludes, after viewing all the evidence in the light most favorable to the non-moving party, that "all reasonable men would agree that there has been an essential failure of proof." Snider v. Bob Thibodeau Ford, Inc., 42 Mich.App. 708, 712, 202 N.W.2d 727, 730 (1972). An appeals court in Michigan will not reverse the denial of a directed verdict motion "if any competent and sufficient evidence supports the jury determination." Kupkowski v. Avis Ford, Inc., 395 Mich. 155, 167, 235 N.W.2d 324, 331 (1975).
 
 
 9
 Id.
 
 
 10
 We agree with appellee that competent and sufficient evidence supports the jury's verdict in the present case. Mr. Whittaker testified that Sterge made material misrepresentations regarding the type of bond and the insurance company underwriting the bond. Sterge provided plaintiff with plaintiff's Exhibits 2, 3 and 16. Exhibits 2 and 3 both relate to United American Insurance Company of Dallas, Texas. The three documents together are a representation that the Dallas company would be the bonding company and that the bond would be substantially the same as Exhibit 16. That appellee detrimentally relied upon appellant's misrepresentations is evidenced by the payment of $12,000; that appellee tried to mitigate the situation by attempting to have EDC accept a United American Insurance Company of the Cayman Islands bond does not suggest that appellee did not rely upon appellant's misrepresentations in making this payment to Sterge. Therefore, we find that the District Court did not improperly deny appellant's motions for directed verdict and judgment notwithstanding the verdict or new trial.[3] Accordingly, we AFFIRM the judgment of the District Court.
 
 
 
 [1]
 The Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [2]
 Sterge appears before this Court pro se. Because a corporation may appear before this Court only through an attorney, Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984), Heritage is not properly an appellant in the present case
 
 
 [3]
 Because United American Insurance Company settled with appellant prior to trial, the averment in appellee's complaint contending that Sterge was an agent of United American Insurance Company need not have been proven true at trial. The material misrepresentations discussed above are sufficient to support a finding of fraud. Further, we find that the letter of which appellant argues that the jury was not aware does not demonstrate that material misrepresentations were not made or that appellee did not rely upon these misrepresentations