GARMO v GENERAL MOTORS CORPORATION

1. EVIDENCE—STATUTES—AUTOMOBILES—POLICE ACCIDENT REPORTS.

The statute prohibiting the availability for use in any court action of compulsory accident reports does not prohibit the admission of a police accident report if such a report is predicated on the police officer's personal knowledge (MCLA 257.624).

2. EVIDENCE—HEARSAY—PAST RECOLLECTION RECORDED.

The foundation that must be laid for admission of a writing, otherwise objectionable, under the past-recollection-recorded exception to the hearsay rule includes a showing that: (a) the witness has no present recollection of the facts, (b) the witness's memory is not refreshed upon reference to the document, (c) the document is an original memorandum made by the witness from personal observation, (d) the document was prepared by the witness contemporaneously with the event and was an accurate recording of the occurrence and (e) the substance of the proffered writing is otherwise admissible.

3. PRODUCTS LIABILITY—DEFECTS—EVIDENCE.

A plaintiff in a products liability action must produce evidence reasonably showing that the defendant supplied a defective product which caused the injury.

4. PRODUCTS LIABILITY—DEFECTS—EVIDENCE.

In a products liability case the conclusion that the product was defective may be drawn from circumstantial evidence without a specific showing of a demonstrable defect.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 859.
Admissibility of report of public officer or employee on cause of or responsibility for injury to person or damage to property. 69 ALR2d 1148, s. 153 ALR 163.
[2] 29 Am Jur 2d, Evidence § 605.
[3, 4] 63 Am Jur 2d, Products Liability §§ 13–21, 86.
[5] 4 Am Jur 2d, Appeal and Error §§ 112, 524, 969.

5. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING THE VERDICT.

Appellate review of a judgment notwithstanding the verdict should encompass all the proofs adduced at trial and not just the plaintiff's, and if, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, that determination should not be disturbed.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 January 8, 1973, at Detroit. (Docket No. 13667.) Decided March 28, 1973.

Complaint by Margaret Garmo against General Motors Corporation for damages for injuries sustained in an automobile accident. Judgment for defendant notwithstanding the verdict for plaintiff. Plaintiff appeals. Defendant cross appeals. Reversed and remanded for entry of judgment on the verdict.

*Norman P. Ochs,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *John D. Dougherty),* for defendant.

Before: J. H. GILLIS, P. J., and BASHARA and O'HARA,* JJ.

J. H. GILLIS, P. J. This is a products liability case. After the jury returned a verdict for plaintiff, Margaret Garmo, the trial court granted defendant, General Motors Corporation, judgment notwithstanding the verdict. Plaintiff appeals. Defendant, pursuant to GCR 1963, 812.8, also raises issues for our consideration.

At trial, plaintiff's evidence established she was a passenger in a Pontiac automobile owned and operated by Gina Shouneyia. The car had been

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

purchased 4-1/2 months earlier from a dealership in Detroit, Michigan, and had been driven about 8,000 miles when the accident in question occurred.

Gina Shouneyia testified she had returned the car to the dealership several times because of difficulty in the braking mechanism.[1] On the day of the accident, she stated she slowed for a red light, accelerated when it turned green, saw a car coming from a side street, and attempted to brake the car. The brake pedal went to the floor. Her attempts to slow the car by driving into the curb led to the crash of the vehicle and plaintiff's injuries. Plaintiff recalled Shouneyia screamed the brakes had failed just prior to impact.

A police officer who had prepared an accident report testified. While he had no present memory of the incident, and could not refresh his memory from the report he prepared, the report itself was admitted as evidence. Since defendant challenges the adequacy of the foundation for receiving the report as a past recollection recorded, relevant portions of the transcript are reproduced in the margin.[2] The substance of the officer's testimony

---

[1] On direct examination she testified as follows:

"Q. Had you ever had trouble with the brakes going all the way down to the floor before?

"A. They had always been low since I bought the car.

\* \* \*

"Q. Did they [the dealership] fix the brakes every time you complained?

"A. According to them they did. And I got my car and I'd go out and they were still low."

[2] On voir dire by defense counsel:

"[Q.] Officer Hilliard, you were assisted, I take it, at the time of the preparation of this report and the accident by another officer?

"[A.] That's correct.

"[Q.] You did not come to the scene of the accident alone, so to speak? You were assisted by another officer by the name of Lee?

"[A.] Patrolman Paul Lee was in the car with me, yes.

coupled with the police report was that inspection of the vehicle after the accident revealed the brake pedal traveled to the floorboard without resistance.

Defendant produced an insurance adjuster who testified he found no defect in the braking system after the accident, but that the entire right front brake drum was missing due to the collision of the

"*[Q.]* *You don't have a specific recollection, I take it, as to what you did or what you found when you arrived at the accident scene?*

"*[A.]* *That is correct, sir.*

"*[Q.]* You prepared the report?

"*[A.]* Yes, that's my handwriting.

"*[Q.]* Isn't it true that some of the information that's contained on that report could have been given you by your fellow officer?

"*[A.]* True.

"*[Q.]* So that not all of the information contained upon this record is information that you personally can testify to that you obtained?

"*[A.]* I can't say this. I don't know." (Emphasis supplied.)

On questioning by the court:

"*[Q.]* Are the facts made and recorded in * * * [the report] accurate when you did record them?

"*[A.]* Yes.

"*[Q.]* How do you know that?

"*[A.]* The information I received from the driver of the automobile as stated to me by the driver of the automobile *and evidence that I observed at the scene of the accident.*"

\* \* \*

On direct questioning by plaintiff's counsel:

"*Q.* All right, you wouldn't put anything down in that report unless you made a personal examination, would you, Officer?

"*A.* This I couldn't say, really. *I have tried to say I don't know whether my partner checked the car or whether I checked the car, but I would not put it on the report unless I knew it to be true.*

\* \* \*

"*Q.* To the best of your recollection, Sergeant, did you make an examination to any other parts of that vehicle other than the accelerator?

"*A.* I don't remember this myself, whether I did it or my partner did it. *It was done, I know this.*

"*Q.* It was done?

"*A.* Yes.

"*Q.* Do you know what was done, Sergeant?

"*A.* Yes.

"*Q.* What was done?

"*A.* *The vehicle was checked as to brakes,* accelerator, steering, and so forth." (Emphasis supplied.)

vehicle. Another witness called by defendant testified he bought the car, repaired it, and, for a time, used it as his personal car. He also stated he made no repairs to the brake system at all.

We first deal with defendant's contention that the police accident report was not properly admitted as evidence. MCLA 257.624; MSA 9.2324,[3] does not prohibit the introduction of police accident reports into evidence in all situations. Such a report is admissible if predicated on the police officer's personal knowledge. *Derrick v Blazers,* 355 Mich 176, 180 (1959); *Bliss v Kaplan,* 369 Mich 293 (1963).

The foundation requirement for admission of such evidence as a past recollection recorded is well-stated in *Jaxon v Detroit,* 379 Mich 405, 413 (1967):

"To qualify a writing otherwise objectionable as hearsay to be admitted in evidence as a past recollection recorded, a proper foundation must be laid. That foundation should consist in the following: (a) a showing that the witness has no present recollection of the facts, (b) a showing that the witness' memory is not refreshed upon reference to the document, (c) a showing that the document is an original memorandum made by the witness from personal observation, (d) a showing that the document was prepared by the witness contemporaneously with the event and was an accurate recording of the occurrence and, (e) a showing that the substance of the proffered writing is otherwise admissible."

It is clear that the police officer had no present recollection of the events and that his memory could not be refreshed. While the report was pre-

---

[3]"The reports required by [sections of the Motor Vehicle Code relative to the duty of drivers, etc. to report accidents] shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents."

pared contemporaneously and based on an observation rather than on other hearsay, the problem in this case concerns whether the report was the product of the officer's *own* observation.

No doubt the police officer experienced some difficulty in fielding the questions of both counsel and the trial judge.[4] What emerges, however, is his definite assertion that while he couldn't recall whether he or his partner tested the brakes, he prepared the report himself from evidence he observed. We are satisfied the trial court properly admitted the report as evidence.

Plaintiff contends it was error to grant defendant's motion for judgment notwithstanding the verdict. We agree. This case went to the jury on an implied warranty theory. It is still a products liability case. Plaintiff was obliged to produce evidence reasonably showing defendant supplied a defective product which caused her injury. *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 96, 98 (1965). The form of action requires the addition of the implied warranty by the manufacturer in this case, that the product was reasonably fit for its purpose.

The conclusion that a product is defective can be drawn from circumstantial evidence without a specific showing of a demonstrable defect. *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708 (1972); *Weisenberg v Village of Beulah,* 352 Mich 172 (1958); *Bronson v J L Hudson Co,* 376 Mich 98 (1965); *Schedlbauer v Chris-Craft Corp,* 381 Mich 217 (1968).

We agree with defendant that appellate review of a judgment notwithstanding the verdict should encompass all the proofs adduced at trial and not just plaintiff's. *Marietta v Cliffs Ridge, Inc,* 385

[4] See footnote 2, *supra.*

Mich 364, 371 (1971); *Kasza v Detroit,* 370 Mich 7, 11 (1963). However, as stated in *Taft v J L Hudson Co,* 37 Mich App 692, 698 (1972):

"If, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, said determination should not be disturbed."

Here, the jury could reasonably find the vehicle had difficulties in the braking system from the time of purchase. Even though the car had been serviced by the dealership (not a party to this cause), the jury could reason such repair neither cured nor aggravated the problem since the owner's complaints continued as before. The driver's testimony that the brakes failed in the car which was then 4-1/2 months old with 8,000 miles traveled reasonably establishes the defect alleged and the proximate cause of plaintiff's injury. The police officer's testimony tends to corroborate the existence of the defect. The officer's testimony contradicts the testimony of the insurance adjuster who stated he found no defect but that the brake drum from the right front wheel was missing. The insurance adjuster's testimony contradicts the testimony of the salvage buyer who stated he did not replace the brake drum but drove the car an additional 1,000 miles. We are satisfied the jury could resolve these contradictions and reasonably return a verdict for plaintiff. The facts of this case so nearly parallel those recited in *Snider v Bob Thibodeau Ford, Inc, supra,* that we find no meaningful distinction.[5]

Defendant's remaining issue that improper argument ensued from forbidden inferences of the

[5] We note the trial judge rendered his decision on defendant's motion prior to the decision in *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708 (1972), and thus did not have the benefit of that case as Michigan precedent.

police officer's testimony is without merit. Counsel may, in closing argument, draw reasonable inferences from the testimony. *Hayes v Coleman,* 338 Mich 371, 382 (1953). We find plaintiff's counsel did so.

The decision of the trial court granting defendant's motion for judgment notwithstanding the verdict is reversed; accordingly, the verdict of the jury should be reinstated.

Reversed without new trial. Remanded for entry of judgment on the jury verdict. Costs to appellant.

All concurred.