**A.A.A. EXTERIORS, INC.,
Plaintiff-Appellant,**

v.

**DON MAHURIN CHEVROLET & OLDSMOBILE, INC., General Motors Corporation, Defendants-Appellees.**

No. 1–681A208.

Court of Appeals of Indiana,
First District.

Dec. 31, 1981.

Rehearing Denied Feb. 9, 1982.

---

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for plaintiff-appellant.

Scott R. Bowers, Lynn, Wright, Evans, & Daly, Evansville, King, Deep, Branaman, Hunt & Sheffer, Henderson, Ky., for defendants-appellees.

1. The trial court also granted judgment on the evidence in favor of General Motors Corpora-

RATLIFF, Judge.

## STATEMENT OF THE CASE

A.A.A. Exteriors, Inc., (A.A.A.) appeals from the granting, at the close of its evidence, of the motion for judgment on the evidence of Don Mahurin Chevrolet & Oldsmobile, Inc., (Mahurin).[1] We reverse and remand for a new trial.

## STATEMENT OF FACTS

A.A.A. purchased a new Chevrolet one-ton pickup from Mahurin on or about May 8, 1976, at a cost of $7,000. Since A.A.A. intended to use the truck in its business for the hauling of heavy loads of material it specified that it wanted a transmission cooler included as equipment on the truck. Mahurin obtained the truck in question from another dealer. The truck was not equipped with a transmission cooler and in order to meet A.A.A.'s requirements, Mahurin installed a cooler sometime after the original delivery of the truck. A.A.A. had no problems with the transmission overheating prior to the installation of the cooler. After installation of the cooler, A.A.A. experienced problems with the transmission overheating. The truck was returned to Mahurin on several occasions to correct the overheating problem. Mahurin worked on the transmission and stated the problem was corrected. The transmission overheating continued and in August 1976, the truck burned.

A.A.A. instituted this action seeking to recover damages, basing its claims on theories of negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. At the trial, A.A.A. produced a witness (Dallas) who testified that he had worked on and studied fire damaged vehicles and the causes thereof since 1955. In the witness' opinion, the fire was caused when the transmission overheated and transmission fluid was

tion. A.A.A. does not appeal that portion of the judgment below.

expelled through the dipstick tube and onto the hot engine manifold, thus igniting. This witness also operated a salvage yard and, subsequent to the fire, purchased the truck. Inspection of the transmission cooler at that time revealed a crimp in two hoses which connected the cooler to the transmission and which would have prevented transmission fluid from circulating from the transmission through the cooler. However, prior to the time of this observation, the transmission had been disassembled and then reassembled by another dealer. Further, when asked what would cause the dipstick to be blown from the transmission, the witness (Dallas) testified that he was not an expert on transmissions, and the trial court struck his testimony that "evidently there was something wrong with the transmission that caused the problem." Record at 67.

## ISSUE

The issue presented for our decision is whether or not the trial court's sustaining of Mahurin's motion for judgment on the evidence at the close of A.A.A.'s evidence was erroneous.

## DISCUSSION AND DECISION

█ At the outset, we observe that A.A.A. has not argued its negligence claim in its brief, but has confined its argument to the warranty issues. Consequently, any issue as to negligence on the part of Mahurin has been waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *Cox v. Ubik*, (1981) Ind.App., 424 N.E.2d 127; *Whitaker v. St. Joseph's Hospital*, (1981) Ind. App., 415 N.E.2d 737. Therefore, we must examine this case from the standpoint of whether or not A.A.A. made a case of breach of warranty sufficient to avoid a motion for judgment on the evidence under Ind.Rules of Procedure, Trial Rule 50(A).

█ In ruling upon a T.R. 50(A) motion for judgment on the evidence, the trial court must look only to the evidence and reasonable inferences therefrom most favorable to the non-moving party. Such a motion may be granted only where there is a complete failure of proof, that is, no substantial evidence or reasonable inference therefrom supporting an essential element of the claim. *Searcy v. Manganhas*, (1981) Ind.App., 415 N.E.2d 142, *trans. denied; Gregory v. White Truck & Equipment Co.*, (1975) 163 Ind.App. 240, 323 N.E.2d 280. We must examine the trial court's decision with that standard in mind. *Searcy v. Manganhas, supra.*

In order to determine whether or not the court erroneously or properly entered judgment on the evidence in favor of Mahurin, we must first determine if there was a warranty. Since the sale of a truck is a sale of goods as defined in the Uniform Commercial Code as adopted in this state, Ind.Code 26-1-2-105; *Jones v. Abriani*, (1976) 169 Ind.App. 556, 350 N.E.2d 635, we look to the U.C.C. provisions relating to warranties of the sale of goods.

The implied warranty of merchantability is found in § 2-314 of the U.C.C. (Ind.Code 26-1-2-314), which provides in part:

"(1) Unless excluded or modified (section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

(2) Goods to be merchantable must at least be such as

\*    \*    \*    \*    \*    \*

(c) are fit for the ordinary purposes for which such goods are used."

In *Michiana Mack, Inc. v. Allendale Rural Fire Protection District*, (1981) Ind.App., 428 N.E.2d 1367, Judge Staton observed:

"Clearly, an unreliable vehicle with overheating problems is not fit for the purposes normally associated with fire trucks. The facts clearly support a finding of 'non-conformity' and thus of breach of warranties."

At 1370, footnote 7. The minimum standard of merchantability was defined by Judge Hoffman as concerning "whether the product is fit for the ordinary purpose for which it is used; does it meet the general description of a *serviceable* prototype

[truck]." (Emphasis added.) *Richard v. Goerg Boat & Motor [Works], Inc.*, (1979) Ind.App., 384 N.E.2d 1084, 1091, *trans. denied.* It seems clear that a truck with an overheating transmission does not meet the test of merchantability.

Certain basic propositions are established by the authorities in regard to claims of breach of warranty under the U.C.C. First, it is not necessary to prove the specific defect in the product. *Worthey v. Specialty Foam Products, Inc.*, (1979) Mo.App., 591 S.W.2d 145; *Holloway v. General Motors Corp.*, (1978) 403 Mich. 614, 271 N.W.2d 777; *Garmo v. General Motors Corp.*, (1973) 45 Mich.App. 703, 207 N.W.2d 146; *MacDougall v. Ford Motor Co.*, (1969) 214 Pa. Super. 384, 257 A.2d 676. As the court said in *Worthey*, 591 S.W.2d 145, 149:

"The issue, therefore, is not whether a specific defect caused the breach of this warranty [of merchantability], but, rather, whether or not the seller has sold goods that were not merchantable.... The showing of specific defects in goods is obviously one way in which a buyer can establish that a seller has sold goods that are not merchantable and thus, breached this implied warranty. This, however, is not the only way in which a buyer may show a breach of this implied warranty. Circumstantial evidence may also be used. [Citations omitted.]"

Second, breach of implied warranty of merchantability may be established by circumstantial evidence. *Worthey v. Specialty Foam Products, Inc., supra; Holloway v. General Motors Corp., supra; Garmo v. General Motors Corp., supra.*

Third, a malfunction itself, in the absence of abnormal use and reasonable secondary causes, may be sufficient evidence of a defect to make the existence of a defect a question for the jury. *Knight v. Otis Elevator Co.*, (3rd Cir. 1979) 596 F.2d 84; *MacDougall v. Ford Motor Co., supra.* In *MacDougall*, the court said at 257 A.2d 679:

"Proof of the specific defect in construction or design causing a mechanical malfunction is not an essential element in establishing breach of warranty. 'When machinery "malfunctions", it obviously lacks fitness regardless of the cause of the malfunction. Under the theory of warranty, the "sin" is the lack of fitness as evidenced by the malfunction itself rather than some specific dereliction by the manufacturer in constructing or designing the machinery.' [Citations omitted.]"

Repeated malfunctions particularly have been held sufficient to establish a breach of the implied warranty of merchantability. *See e.g., Coyle Chevrolet Co. v. Carrier*, (1979) Ind.App., 397 N.E.2d 1283, *trans. denied; Jones v. Abriani, supra; McCrossin v. Hicks Chevrolet, Inc.*, (1969) D.C., 248 A.2d 917. In *McCrossin*, the court said at 920:

"From the evidence that operation of the automobile from the time of its purchase indicated numerous symptoms of a defective carburetor, including the slight loss of power immediately preceding the fire, coupled with the fact that the fire started in the area of the carburetor, plus the testimony of plaintiff's expert, we think that the jury could have reasonably concluded that the fire was more probably than not caused by a defective carburetor and found a breach of warranty by both defendants."

Fourth, expert testimony is not necessary to establish the breach of warranty. *Burrus v. Itek Corp.*, (1977) 46 Ill.App.3d 350, 4 Ill.Dec. 793, 360 N.E.2d 1168; *Holloway v. General Motors Corp., supra.* Thus, Mahurin's contention that A.A.A.'s failure to produce expert testimony establishing the specific defect in the transmission or cooler entitled it to judgment on the evidence is incorrect.

Looking at the evidence from the vantagepoint required in reviewing the granting of Mahurin's motion for judgment on the evidence, and in the light of the foregoing rules regarding breaches of implied warranty of merchantability, we find the conclusion inescapable that the trial court erred in granting judgment on the evidence. We believe there was sufficient

evidence to go to the jury on the question of breach of warranty of merchantability. Clearly, Mahurin was a "merchant" under the U.C.C. and the sale of the truck was a sale of goods giving rise to an implied warranty of merchantability. A jury could have found from the evidence that there were such malfunctions in the transmission and transmission cooler, ultimately causing the fire, that this warranty was breached and that A.A.A. suffered damage as a result. Thus, A.A.A. was entitled to have these issues determined by a jury.

Having determined that A.A.A. presented sufficient evidence of breach of warranty of merchantability to defeat Mahurin's motion for judgment on the evidence, and because we reverse on that issue, we need not determine any issues as to breach of express warranty or breach of implied warranty of fitness for a particular purpose.

Judgment reversed and remanded for a new trial.

NEAL, P. J., and ROBERTSON, J., concur.