**ART HILL, INC., Appellant,**

v.

**Dennis A. HECKLER, Appellee.**

**No. 3-283A29.**

Court of Appeals of Indiana,
Third District.

Dec. 20, 1983.
Rehearing Denied Jan. 26, 1984.

Paul R. Chael, Crown Point, for appellant.

Steve Lustina, Merrillville, for appellee.

STATON, Judge.

Dennis Heckler (Buyer) sued Art Hill Ford, Inc. (Seller) for breach of warranty after Buyer discovered that the Fifth-Wheel camper (camper) he purchased from Seller was incompatible with his pick-up truck. After a bench trial, the trial court cancelled the contract, awarded Buyer $9,733.00, and ordered Buyer to return the camper to Seller. Seller appeals, raising four issues:

(1) Whether the trial court erroneously found that Seller made a warranty that was not effectively disclaimed;

(2) Whether Buyer effectively revoked his acceptance of the camper;

(3) Whether there was sufficient evidence that the camper and truck were incompatible;

(4) Whether the damages awarded to Buyer were excessive.

Affirmed.

The evidence and inferences most favorable to the judgment show that on February 27, 1980, Buyer purchased from Seller a Fifth-Wheel camper. The camper purchased by Buyer has one axle and is designed to be pulled by a mini or one-half

ton pick-up truck. The front portion of the camper extends over the bed of the pick-up truck, and there should be a few inches clearance between the walls of the bed and the bottom of that portion of the camper. Before signing the purchase agreement, Buyer showed Seller his truck, which was a five-eighth ton pick-up truck, and asked if the camper would be compatible with it. Seller repeatedly assured Buyer that there would be no problem towing the camper with his truck—that the two were compatible. However, when the camper was attached to Buyer's truck, there was inadequate clearance, causing the bottom of the camper to strike the top of the sides of the truck bed. Buyer complained to Seller and upon the recommendation of the manufacturer, a new axle was installed in the camper. Unfortunately, the new axle did not alleviate the problem. In early July, an engineer from the manufacturer went to Buyer's home, and test drove the truck and camper and concluded that the two would never work together. Following the engineer's examination, Buyer attempted to have Seller take back the camper. Seller refused to do so and the camper remained in Buyer's driveway.

## I.

### Warranty

Seller contends that it was entitled to summary judgment because it effectively disclaimed all warranties, express and implied. In the alternative, Seller argues that all implied warranties were disclaimed and no express warranty was created. Because Seller's disclaimer of warranty is in writing, conspicuous, and mentions merchantability, implied warranties of merchantability and fitness for a particular purpose have been effectively disclaimed. IC 1976, 26–1–2–316(2).[1] Thus, we must determine: (1) whether there is evidence which supports a finding that an express warranty was made; and (2) if so, whether Seller's disclaimer of that warranty is effective.

IC 1976, 26–1–2–313 outlines the manner in which express warranties may be created:

"Sec. 313. (1) Express warranties by the seller are created as follows:

"(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

"(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"(c) any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

"(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." [West's A.I.C.]

In this instance, Buyer specifically asked Seller on three occasions prior to the sale whether the camper was compatible with Buyer's pick-up truck. Each time Seller assured Buyer that the two were compatible. Because these affirmations were made orally and were not contained in a writing intended as a final expression of the agreement, whether they amount to an express warranty is a question of fact. *Woodruff v. Clark County Farm Bureau Co-op. Ass'n.* (1972), 153 Ind.App. 31, 286 N.E.2d 188.

From its judgment, it appears that the trial court found that the assurances that the truck and camper would be compatible created an express warranty. Be-

---

**1.** Because the record contains no evidence of a written warranty or service contract, we need

not consider the effect of the Magnuson-Moss Act. 15 U.S.C. § 2308(a) (1976).

cause Seller's assurances constituted a promise which was part of the basis of the bargain between the parties, we agree. We reject Seller's contention that its representations to Buyer were "mere puffing". Seller's assurances were not mere opinions or exclamations of the value or quality of the camper. Rather, they were specific positive statements of the compatibility of the camper and Buyer's truck, upon which Buyer relied. Thus, the trial court could properly have found that these representations created an express warranty.

■ Seller further contends that any express warranty was effectively disclaimed by the language contained on the front of the purchase agreement signed by the parties. We disagree.

The disclaimer reads:

"The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose and that Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items."

Seller's conduct, on the one hand, created an express warranty and, on the other hand, disclaimed any express warranty. This situation is controlled by IC 1976, 26–1–2–316(1), which provides:

"Sec. 316. (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this UCC Article on parol or extrinsic evidence (IC 26–1–2–202) *negation or limitation is inoperative to the extent that such construction is unreasonable.*"

[West's A.I.C.; emphasis supplied]. Because it is impossible to construe the express warranty made by Seller and the disclaimer of all express warranties as consistent, the disclaimer becomes inoperative. *Woodruff, supra,* at 200. Thus, Seller's motion for summary judgment was properly denied.

## II.

### Revocation of Acceptance

■ Seller contends that the judgment of the trial court was erroneous because Buyer failed to effectively revoke his acceptance of the camper. Seller asserts that because Buyer failed to physically return the camper to Seller, Buyer waived his remedy of revocation of acceptance. We disagree.

In order for Buyer to revoke his acceptance of the camper it was not necessary for him to return the camper to Seller. Where a buyer pays a portion of the purchase price to the seller or incurs expenses related to the care and custody of goods, upon justifiable revocation of acceptance, buyer has a security interest in the goods and is entitled to hold and resell the goods if he chooses. IC 1976, 26–1–2–711(3). Even if a buyer has no security interest in the goods pursuant. to IC 26–1–2–711(3), his duty upon revocation is to hold the goods "at the seller's disposition for a time sufficient to permit the seller to remove them[.]" IC 1976, 26–1–2–602(2)(b). From these sections, it is clear that it is possible for a buyer to revoke his acceptance of goods without physically returning them to the seller. In this case, Buyer's testimony that, shortly after he was advised that the truck and camper would never work together, he attempted to have Seller take back the camper is sufficient to support a finding that Buyer timely revoked his acceptance of the camper.

## III.

### Sufficiency of Evidence

Seller next contends that the evidence was insufficient to support the judgment. Specifically, Seller asserts that Buyer failed to offer necessary expert testimony to prove that the camper was incompatible with his truck, and that Buyer failed to prove that the camper was incompatible with the truck at the time of delivery.

With regard to Seller's first assertion, expert testimony is not required to prove breach of warranty. *A.A.A. Exteriors v. Don Mahurin Chevrolet* (1981), Ind. App., 429 N.E.2d 975, 978. Thus, the lack of expert testimony that the camper and truck were incompatible is of no moment.

With regard to Seller's second assertion, the evidence most favorable to the judgment is that because there was inadequate clearance between the camper and the truck, the bottom of the camper would hit the top of the sides of the truck bed causing damage to the truck. Although Buyer did not discover the problem until the camper and truck wedged together when he was returning from his first trip with the camper, it appeared then that the camper had repeatedly hit the top of the truck. We fail to see how Buyer's failure to immediately discover the problem precludes a finding that the truck and camper were incompatible at the time of delivery.

Seller also asserts that Buyer misused the camper by towing the camper while it contained passengers. Seller argues that this misuse of the camper rather than any incompatibility between the camper and the truck caused the damage to the truck. The evidence most favorable to the judgment is that there was inadequate clearance between the camper and the truck even when the camper was towed without passengers. Seller's assertions amount to an invitation to reweigh the evidence, which we will not do. *Travis v. Hall* (1982), Ind.App., 431 N.E.2d 519.

### IV.

#### Damages

Seller contends that because Buyer failed to revoke his acceptance of the camper, the trial court's award to Buyer of the purchase price plus incidental expenses was error. Because we held, *infra,* that there was sufficient evidence to support a finding that Buyer rightfully revoked his acceptance of the camper, this contention is without merit. The trial court's award to Buyer of the purchase price plus incidental

expenses was proper. *Michiana Mack v. Allendale Rural Fire Protection District* (1981), Ind.App., 428 N.E.2d 1367, 1372; IC 1976, 26–1–2–715(1).

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.