**PERFECTION CUT, INC.,**
Defendant-Appellant,

v.

**Kurt OLSEN, d/b/a Kurt's Lawn and
Snow, Plaintiff-Appellee.**

No. 3–684A179.

Court of Appeals of Indiana,
Third District.

Oct. 31, 1984.

Timothy M. Bemis, Griffith, for appellant.

Clifford E. Duggan, Jr., Dull & Duggan, Merrillville, for appellee.

GARRARD, Judge.

In April 1983 Olsen purchased from Perfection Cut, Inc. a used vac/blower for one hundred seventy-five dollars ($175). When Olsen attempted to use the machine it lacked sufficient power to perform. He notified Perfection, but its agents denied any responsibility or liability. Olsen then brought suit and recovered judgment for $175 with the direction that upon payment of the judgment the vac/blower be returned to Perfection. Perfection contends the judgment is not sustained by the evidence.

At issue are two statements which were made as a part of the sale transaction. Perfection told Olsen the machine "had a new engine," and additionally stated the machine was being sold "as is." Perfection argues that "as is" serves to disclaim any liability. Olsen contends the court could properly have determined there was a breach of an express warranty that the vac/blower had a new engine. We agree with Olsen.

The factual statement that the machine had a new engine could have been properly found to constitute an express warranty. IC 26–1–2–313(1)(a); *Auto-Teria, Inc. v. Ahern* (1976), 170 Ind.App. 84, 352 N.E.2d 774.

The question, therefore, is how to resolve the potential conflict between the express warranty and an "as is" disclaimer. The UCC provides the answer.

IC 26–1–2–316(1) provides:

"Words or conduct relevant to the creation of an express warranty and words

or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but [subject to IC 26–1–2–202] negation or limitation is inoperative to the extent that such construction is unreasonable."

In addition, subsection (3)(a) of the same provision states that:

*"unless the circumstances indicate otherwise,* all *implied* warranties are excluded by expressions like 'as is' ...." (our emphasis)

Applying the statute the court could correctly conclude that the agreement of the parties expressly warranted that the machine had a new engine and that they agreed that in other respects there were to be no implied warranties of merchantability or fitness for purpose. IC 26–1–2–314, 315.

Since the evidence sustained a finding that the express warranty was breached, and that the seller refused to cure, the court properly permitted the buyer to rescind the purchase. *Art Hill, Inc. v. Heckler* (1983), Ind.App., 457 N.E.2d 242.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.